# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH D. HERNANDEZ,<br><br>         Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORP., AUTO AND FINANCE EXPERTS, TY HAJJAN and JOHN BASS,<br><br>         Defendants. | Case No.: 3:20-cv-00112-H-BLM<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Doc. No. 3.] |

On December 12, 2019, Plaintiff Elijah D. Hernandez ("Plaintiff") filed a complaint against Credit Acceptance Corp. ("CAC"), Auto and Finance Experts, Ty Hajjan, and John Bass (collectively, "Defendants") in the Superior Court of California, San Diego County. (Doc. No. 1.) On January 15, 2020, Defendants removed the case to this Court. (Id.) On January 22, 2020 Defendants filed a Motion to Compel Arbitration. (Doc. No. 3.) On February 14, 2020, this Court acting sua sponte, issued an order requiring the Parties to show cause as to why this case should not be remanded to state court for lack of subject matter jurisdiction. (Doc. No. 4.) Defendant responded on February 21, 2020. (Doc. No.

5.) After reviewing the pleadings filed in this case, and for the reasons set forth below, this Court finds that it lacks subject matter jurisdiction over the complaint and, therefore, **REMANDS** the case to the San Diego Superior Court. Accordingly, the Court **DENIES** as moot Defendant's motion to compel arbitration. (Doc. No. 3.)

## BACKGROUND

On or about July 12, 2019 Plaintiff signed a $6,612.94 retail installment sales contract (the "Agreement") with Carfinance Centers LLC, to finance the purchase of a Chevy Tahoe from Co-Defendant Auto Finance Experts, LLC (the "Dealership"). (Doc. No. 1 Ex. 1. at 10.) Plaintiff alleges that the Dealership was unable to sell him the Chevy Tahoe because the transmission in the vehicle was damaged. (Id.) The Dealership was unable to find Plaintiff another vehicle and returned Plaintiff's deposit to him on or around July 21, 2019. (Id.) Plaintiff alleges that the Dealership did not inform CAC about the cancellation of the Agreement until September 11, 2019 and this negatively impacted his credit score. (Id.)

On December 12, 2019, Plaintiff filed a complaint against Defendants in the Superior Court of California, San Diego County for violating of California Civil Code § 1770. On January 15, 2020, Defendants removed the case to this Court arguing that the claims in Plaintiffs case are completely preempted by the Fair Credit and Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"). (Id. at 3) Defendants moved to compel arbitration. (Doc. No. 3)

## DISCUSSION

### I. Legal Standards

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal . . . ." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.' " Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). The removing party has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)

Here, the Complaint filed by Plaintiff only asserts claims for violations of California's Consumer's Legal Remedies Act, Cal Civ. Code § 1770. (Doc. No. 1. Ex 1. at 10.) There are no federal causes of action alleged in the complaint. Defendant contends that the Court nevertheless possesses federal question jurisdiction over the action because the Fair Credit and Reporting Act "'preempts state law claims if said claims relate to the "responsibilities of furnishers of credit information governed…[by] FCRA.'" (Id. at 3, (citing Miller v. Bank of Am., 858 F.Supp.2d 1118, 1124 (S.D. Cal. 2012.)

"[I]t is 'settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.' " Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000) (quoting Franchise Tax Bd. of Cal. V. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Although the jurisdictional doctrine of "complete preemption" serves as an exception to the well-pleaded complaint rule, it "arises only in 'extraordinary' situations" and the Supreme Court has "identified only three federal statutes that satisfy" its complete preemption test. Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861-62 (9th Cir. 2003) (explaining that the Supreme Court has only applied

complete preemption in actions involving section 502 of the Employee Retirement Income Security Act, Section 301 of the Labor Management Relations Act, and the usury provisions of the National Bank Act).

Neither the Supreme Court nor the Ninth Circuit has ever concluded that the FCRA's preemption provisions "completely preempt" state claims for purposes of supporting removal based on the existence of a federal question, and numerous District Courts within the Ninth Circuit have rejected removals based on FCRA preemption. See Alan v. Austin Capital Bank, SSB., CV-19-9618 (AFMx), 2019 WL 6002406 (C.D. Cal. Nov. 12, 2019) (rejecting removal based on complete preemption of FCRA); Stone-Molloy v. Midland Funding LLC, CV 15-8017 ODW (AJWx), 2015 WL 6159104, at *2 (C.D. Cal. Oct. 19, 2015) (same); Cordes v. Select Portfolio Servicing, Inc., SACV 12-315 CJC (RNBx), 2012 WL 12904077, at *1-2 (C.D. Cal. May 22, 2012)(same); Chase Bank USA, N.A. v. Duran, CV 06-2258 MMC, 2006 WL 889432, at *1 (N.D. Cal. Apr. 5, 2006)(same); Sehl v. Safari Motor Coaches, Inc., CV 01-1750 SI, 2001 WL 940846, at *6-7 (N.D. Cal. Aug. 13, 2001)(same).

The Court therefore concludes that Defendant has failed to establish that Plaintiff's claims for violations of California's Consumer's Legal Remedies Act are completely preempted or otherwise state a federal claim that supports the Court's exercise of federal question jurisdiction over this action.

## CONCLUSION

For the foregoing reasons, the Court concludes that Defendant's Notice of Removal has failed to establish the existence of either federal question or diversity jurisdiction over this action. The Court therefore remands this action to San Diego County Superior Court, case number 37-02019-00065874-SC-SC-CTL. See 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

DATED: February 24, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT